## John D. Casey, Administrator, Appellant, v. Chicago Railways Company and City of Chicago, Appellees.

### Gen. No. 18,251.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term,. 1912. Reversed and remanded. Opinion filed December 31, 1913. Rehearing denied January 9, 1914.

### Statement of the Case.

Action by John D. Casey, administrator of the estate of Fredrick F. Rieckhoff, deceased, against the Chicago Railways Company and the City of Chicago to recover damages for wrongfully causing the death of deceased alleged to have been caused by defendants' negligence in maintaining in a street a temporary street car track and in maintaining the street in a dangerous and unsafe condition. From a judgment rendered on a directed verdict finding defendants not guilty, plaintiff appeals.

HARRY S. MECARTNEY, for appellant.

WEYMOUTH KIRKLAND and WILLIAM H. SYMMES, for appellee Chicago Railways Company; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 49*—*proximate cause.* In order to charge a person with the consequences of his own act it is not necessary that he must have foreseen the precise form in which the injury occurred. If when the injury occurs it appears that it was a natural and probable consequence of his negligence, it is sufficient to warrant a recovery.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. Negligence, § 53*—*when the negligent act or omission is the proximate cause.* While the negligent act or omission must be one of the essential causes producing the injury, it need not be the sole cause nor the nearest cause. If it concurs with the other cause, such as an accident or the negligent act of a third person, which in combination with it causes the injury, it is sufficient.

3. Negligence, § 191*—*when questions of negligence and proximate cause are for the jury.* Where reasonable men acting within the limits prescribed by law might reach different conclusions, or different inferences could reasonably be drawn from the admitted or established facts, the question of negligence, contributory negligence and proximate cause are questions of fact for the jury.

4. Trial, § 216*—*right to consider weight of evidence in passing on motion for a peremptory instruction.* In passing upon a motion for a peremptory instruction it is not within the province of the trial court to weigh the evidence, and the question of the preponderance of the evidence does not arise. The question whether the verdict is against the manifest weight of the evidence is one to be passed upon by the trial court upon a motion for a new trial; and in the event that such motion is overruled and judgment entered, it is for the Appellate Court upon error assigned.

5. Trial, § 195*—*rule in passing on motion for a peremptory instruction where there is some evidence to sustain recovery.* The rule of law is settled in this State that if there is any evidence in the record from which, standing alone, the jury could without acting unreasonably in the eye of the law find that all the material allegations of the declaration had been proved, the case should be submitted to the jury.

6. Street railroads, § 44*—*when question whether street railway and city are guilty of negligence in maintaining a temporary track in street is for jury.* In an action for injuries resulting from a temporary street car track placed on the surface of the street near the curb to permit of a reconstruction of other tracks near the center of the street, the mere fact that such temporary track was constructed and laid in the usual manner throughout the city does not absolve the street railroad company and city from negligence, either in permitting such track to be maintained in the street an unreasonable length of time or in permitting said track to remain in the street and be used for the operation of cars after the new permanent tracks were completed and ready for use.

7. Street railroads, § 45*—*when giving of peremptory instruction to find for defendants is error.* A teamster for a liquor company while making deliveries to a retail customer made an attempt to stop his team after it became frightened and in doing so stumbled against the rails and ties of a temporary street railway track constructed on the surface of the street with openings between the ties,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

and fell and his wagon passed over him causing his death. In an action against the street railway company and the city to recover damages for his death, charging the railway company with negligence in constructing and maintaining such track, and charging the city with negligence in maintaining the street in unsafe condition and in permitting the railway company to construct and maintain such track, and charging both defendants with negligence in failing to remove such track in a reasonable time after the completion of the work of track reconstruction, *held* that the question of defendants' negligence was a question for the jury and that trial court erred in giving a peremptory instruction to find for defendants.

8. STREET RAILROADS, § 45*—*when question of contributory negligence is for the jury.* In an action against a street railroad company and a city to recover damages for the death of a teamster caused by stumbling against a temporary street car track when attempting to stop his team, *held* that the question whether the teamster was guilty of contributory negligence in permitting his fourteen-year-old son to drive the team around in the street was for the jury.

